■ RONALD DREIER, Appellant, v BELLA L. LINDEN et al., Respondents. —Judgment, Supreme Court, New York County, entered April 23, 1978, after bench trial, modified, on the law and the facts to vacate the first decretal paragraph thereof dismissing the first cause of action for accounting, to grant judgment for plaintiff-appellant thereon, and to direct that the reference ordered by the second decretal paragraph be expanded to include the issues tendered in that accounting, consistent with what is hereinafter set forth, and to vacate the third decretal paragraph which severs the second cause and the fourth decretal paragraph which holds the judgment final as to the first cause, and otherwise affirmed, without costs. An attorney sues his former partners in a first cause of action for an accounting of the firm's earnings and his share thereof during the brief period of his membership in the partnership from January 1, 1970 to March 31, 1972; he remained thereafter in practice at the firm's office until May 20, 1972, during which time he performed certain services for his former firm, for which he seeks compensation in a second cause of action. Plaintiff's motion for summary judgment was denied, as to the first cause, issues of fact requiring trial as to the nature of the agreement between the parties. Trial Term found for defendants-respondents on this cause. The second cause, based on the postpartnership services, was sent to a referee for calculation of amounts due, if any, for these services on a *quantum meruit* basis. We expand the reference to include two other issues we find to be not as yet resolved. Unfortunately, whatever agreement existed was oral only, and apparently marked by a peculiar feature in that it was left to one certain partner to supplement the shares of others as desired out of that partner's share. Depending on how viewed, this can be regarded as a "clause" in the agreement or as unenforceable generosity. There is no necessity to decide this question at this time. Be that as it may, we cannot fault the finding of

Trial Term that plaintiff's share was to be 8% of the net profits during the term of the partnership. However, there is a dispute as to this item, plaintiff claiming that he did not get this at all. We do not agree with Trial Term that it is entirely clear that "plaintiff has received the full amount due to him under the terms of the partnership agreement." We are given no figures to sustain this. Since there is to be a reference in any event as to plaintiff's postpartnership services, we send this issue also to the reference, adding only that we do not agree with plaintiff that this calls for an hourly rate. The evidence amply indicates that the members of the firm never gave thought at all to provision for withdrawal of a partner, which brings into play the solution laid out in *Jackson v Hunt, Hill & Betts* (7 NY2d 180), for resolution of what should happen to unpaid or unbilled fees on withdrawal of a partner, i.e., that plaintiff is entitled to his aliquot share of the net proceeds not yet taken into the firm's treasury at the time of his retirement for services completed or in work and not yet paid for, to be calculated on the usual basis as to overhead or any other legitimate charge against gross. This calculation is also made part of what is to be inquired into by the referee. When plaintiff first came into the firm, it appears that he was allowed a portion of the "bountiful" parnter's share of prospective proceeds carrying over from an unbilled or unpaid 1969 services. We find no conditions imposed upon this payment in the evidence, and it might even have been a goodwill arrival gift, but, and particularly in view of the fact that never until it actually happened had there been contemplation of the possibility that a partner might retire, it cannot be considered a *quid pro quo* for refusal to plaintiff of participation in the postpartnership division of unbilled or unpaid for services theretofore rendered during his term as a partner. There are thus three issues going to the referee: the accounting for plaintiff's 8%, plaintiff's claim for as yet unpaid services rendered clients during his partnership term, and evaluation of plaintiff's claim for postpartnership services to the firm. The findings at Trial Term are adopted to the extent indicated and, where necessary, are deemed amended consonant with the foregoing. Concur—Sandler, J. P., Bloom, Markewich, Silverman and Ross, JJ.