■ FLOYD SHELDON, Respondent-Appellant, v KIMBERLY-CLARK CORPORATION, Appellant-Respondent, et al., Defendants, and SCHWEITZER DIVISION OF KIMBERLY-CLARK CORPORATION, Respondent. — In an action to recover damages for personal injuries, (1) plaintiff appeals from an order of the Supreme Court, Dutchess County (Coppola, J.), dated May 22 1984, which denied his motion for leave to enter a default judgment and granted a cross motion to dismiss the action as against the Schweitzer Division of Kimberly-Clark Corporation, and (2) Kimberly-Clark Corporation appeals, as limited by its brief, from so much of an order of the same court (Dachenhausen, J.), dated December 14, 1983, as denied its motion for a protective order, or, in the alternative, for an order of confidentiality in regard to information obtained by plaintiff in his discovery and inspection of its Ancram, New York plant.

Order dated May 22, 1984 affirmed and order dated December 14, 1983 affirmed insofar as appealed from, without costs or disbursements.

Since the unincorporated Schweitzer Division of defendant Kimberly-Clark Corporation is not a jural entity amenable to suit in its own right, its joinder herein was improper and its failure to answer the complaint cannot, therefore, give rise to a default in appearance (cf. Provosty v Lydia E. Hall Hosp., 91 AD2d 658, 659, affd 59 NY2d 812; Little Shoppe Around Corner v Carl, 80 Misc 2d 717). Defendant Kimberly-Clark Corporation, the legally cognizable corporate entity properly amenable to suit and answerable in damages, should plaintiff prevail, for the alleged wrongdoing attributed to the Schweitzer Division has, in fact, appeared and answered the complaint. There is, therefore, no default in appearance with respect to claims asserted against the Schweitzer Division. Accordingly, Special Term's order denying leave to enter a default judgment and dismissing the action as to the Schweitzer Division of Kimberly-Clark Corporation must be affirmed.

Finally, Special Term did not abuse its discretion in denying defendant Kimberly-Clark's motion for a protective order, or, alternatively, for an order of confidentiality limiting the dissemination of any information obtained by plaintiff, should the protective order be denied. Kimberly-Clark Corporation's showing of confidentiality consists of a brief, conclusory statement in an attorney's affirmation which fails to establish the existence of proprietary processes necessitating the imposition of a confidentiality order. Mollen, P. J., Lazer, Mangano and Brown, JJ., concur.