■ MARGARET A. R. FOLEY, as Executrix of DERMOT G. FOLEY, Deceased, Respondent, v LEO KAPLAN et al., Appellants.—Order, Supreme Court, New York County (Shirley Fingerhood, J.), entered on or about September 27, 1989, which denied defendants' CPLR 3211 (a) (5); (c) motion to dismiss the complaint, unanimously affirmed, without costs.

Order of said court and Justice, entered on or about January 8, 1990, which denied defendants' motion for a protective order seeking to impose confidentiality restrictions upon discovery and to strike certain interrogatories of plaintiff, and

granted in part plaintiff's cross motion for a protective order as against defendants' notice to produce documents, is unanimously modified, on the law, the facts, and in the exercise of discretion, to the extent of granting defendants' motion for a protective order as proposed in the record on appeal on pages 176-178, with the following addition to paragraph 4 thereof as to those to whom confidential information can be disclosed and those who can use such information: "f. experts retained by the parties for purposes of this litigation", all subject to the continuing control and order of the court, and denying plaintiff's cross motion for a protective order as to items numbers 2 and 3 of defendants' notice to produce documents dated October 13, 1989, and the order is otherwise affirmed, without costs.

The single cause of action in the complaint seeks, *inter alia,* dissolution of defendant partnership and an accounting of the decedent's partnership interest. Since defendants admit that the decedent was a partner at the time of his death, the complaint is factually and legally sufficient (Partnership Law § 62; *Dreier v Linden,* 70 AD2d 820). The discovery in this action will involve defendant law firm's financial statements, tax returns and contingency fee arrangements. In light of the parties' conduct to date, we believe confidentiality restrictions upon the products of discovery in this action, in the above form, are appropriate. As plaintiff is entitled to broad discovery, we see no basis to strike defendants' document demands concerning the decedent's partnership share, compensation agreements or fee arrangements. We have examined defendants' other contentions and find them to be without merit. Concur—Ross, J. P., Asch, Kassal, Wallach and Rubin, JJ.