■ IRVING FINKELSTEIN, Respondent-Appellant, v FINE FINKELSTEIN OLIN & ANDERMAN, P. C., et al., Appellants-Respondents.—Order, Supreme Court, New York County (Harold Baer, Jr., J.), entered on or about May 29, 1990, which, *inter alia,* directed that plaintiff's claim of noncompliance with prior discovery orders be referred to a pending hearing on sanctions and that an appraisal be permitted with respect to defendants' compensation and personal injury cases, unanimously affirmed, with costs.

By verified complaint, plaintiff, founding member of defendant law firm, alleged various claims when defendants locked him out and precluded him from practicing as a member of the firm. He has sought, *inter alia,* a valuation of the firm in order to obtain compensation for his one-third interest.

We reject defendants' claim that the valuation should exclude consideration of various workers' compensation and personal injury cases, which were "works in progress" at the time of plaintiff's termination. To the extent a valuation of the firm is determined on the basis of what a willing purchaser would offer for it as an operating business, the appraised value of these particular cases, as corporate assets, is relevant. *(Matter of Pace Photographers [Rosen],* 71 NY2d 737, 748.) Further, the ultimate resolution of the cases, which may have occurred subsequent to plaintiff's departure from the firm, will assist in determining the value of the cases as "works in progress" during plaintiff's tenure. Defendants have not demonstrated any reason why confidentiality restrictions should be imposed upon discovery of these files. *(See, Foley v Kaplan,* 162 AD2d 155, 156.) The claim on the cross appeal that the court failed to compel discovery of unspecified documents may, pursuant to the order appealed from, be raised at the pending hearing on sanctions. Concur—Murphy, P. J., Milonas, Ross, Asch and Rubin, JJ.