■ NATHAN ROSENFELD, Respondent, v SAUL KAPLAN et al., Appellants. [666 NYS2d 180] —Order, Supreme Court, New York County (Richard Lowe, III, J.), entered on or about July 18, 1996, which, to the extent appealed from, denied defendants' request for redacted versions of plaintiff's income tax returns and sanctioned defendants $350 to be paid to plaintiff's counsel for costs of the motion, unanimously reversed, on the law and the facts, without costs, defendants' request granted and the sanction vacated.

Although "[b]ecause of their confidential and private nature, disclosure of tax returns is disfavored * * * [and a] party seeking disclosure must make a strong showing of necessity * * * and demonstrate that the information contained in the returns is unavailable from other sources [citations omitted]" (*Gordon v Grossman*, 183 AD2d 669, 670; *see also, Grossman v Lacoff*, 168 AD2d 484), the IAS Court erred in denying defendants' request for redacted versions of plaintiff's income tax returns. At issue was whether a partnership between the parties existed. Plaintiff claimed that it did, while defendants contended to the contrary and that therefore no financial statements or other documents reflecting such partnership exist. Hence plaintiff's income tax returns, which presumably include the requisite form K-1 and reflect deductions for his share of partnership expenses and that his income did not derive from employment with the defendant professional corporation, may be the sole source of positive evidence of the partnership's existence (*see, e.g., ACLI Govt. Sec. v Rhoades*, 813 F Supp 255, 257-258, *affd* 14 F3d 591 [partnership not established where partnership proponent's personal income tax returns failed to reflect the deduction of partnership expenses]).

The sanction award pursuant to CPLR 3126 was error because defendants did not violate that provision. Their discovery request for the redacted income tax returns was not a refusal to comply with prior orders, because it did not constitute a failure to provide requested or ordered discovery and they demonstrated that the evidence sought was not otherwise available. Concur—Rosenberger, J. P., Ellerin, Nardelli, Williams and Andrias, JJ.