■ WILLIAM J. BLUM, Respondent, v NEW YORK STOCK EXCHANGE, INC., Appellant. [693 NYS2d 225] —In an action to recover damages for violation of the Human Rights Law (Executive Law § 290 *et seq.*), the defendant appeals (1) from so much of an order of the Supreme Court, Nassau County (Bucaria, J.), dated June 16, 1998, as denied that branch of its cross motion which was, in effect, to require the plaintiff to execute a confidentiality agreement with respect to certain documents relating to the safety and security of the defendant, and (2) from an order of the same court, dated October 21, 1998, which denied its motion for leave to reargue that branch of its cross motion which was, in effect, to require the confidentiality agreement, and granted that branch of the plaintiff's cross motion which was to preclude the defendant from presenting certain evidence unless the defendant complied with the plaintiff's document demands without a confidentiality agreement.

Ordered that the appeal from so much of the order dated October 21, 1998, as denied leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated June 16, 1998, is reversed insofar as appealed from, and that branch of the defendant's cross motion which was, in effect, to require the plaintiff to execute a confidentiality agreement with respect to certain documents relating to the safety and security of the defendant is granted; and it is further,

Ordered that the order dated October 21, 1998, is reversed insofar as reviewed, and that branch of the plaintiff's cross motion which was to preclude the defendant from presenting

certain evidence unless the defendant complied with the plaintiff's document demands without a confidentiality agreement is denied; and it is further,

Ordered that the defendant is awarded one bill of costs.

The Supreme Court improvidently exercised its discretion in refusing to order the plaintiff to execute a confidentiality agreement before the disclosure of documents regarding the security and evacuation routes of the defendant, New York Stock Exchange, Inc. (hereinafter the Exchange). The Exchange sufficiently demonstrated, through an affidavit of its vice president of security, that the documents sought by the plaintiff involved sensitive security information which, if released to the public, could jeopardize the safety of its employees. Accordingly, the Exchange sought to have the plaintiff execute a confidentiality agreement before the documents were provided. In response, the plaintiff presented no valid reason for his refusal to sign such an agreement. Although the Exchange is not a public entity entitled to assert the "public interest" privilege (*see, Matter of World Trade Ctr. Bombing Litig. v Port Auth.,* 93 NY2d 1), in light of the demonstrated potential harm from public access to the disputed documents and the minimal burden upon the plaintiff, the confidentiality agreement should be executed. Santucci, J. P., Krausman, Florio and Feuerstein, JJ., concur.