■ ALLAN S. SEXTER et al., Appellants-Respondents, v KIMMELMAN, SEXTER, WARMFLASH & LEITNER, Defendant, and JE-

ROME M. LEITNER et al., Respondents-Appellants. [716 NYS2d 661] —Order, Supreme Court, New York County (Edward Lehner, J.), entered December 3, 1999, which granted, in part, defendants' motion and cross motion to compel further discovery and denied plaintiffs' cross motion to compel further discovery, and order, same court and Justice, entered on or about May 9, 2000, which, *inter alia*, held plaintiffs in contempt for failure to comply with court-ordered discovery, unanimously affirmed, with costs.

The court properly exercised its discretion in ordering plaintiffs to produce to defendant partners of Kimmelman, Sexter, Warmflash & Leitner documents and other information, including client will files, regarding matters that were ongoing as of September 17, 1992, the date of the partnership's dissolution (*see, Finkelstein v Fine Finkelstein Olin & Anderman*, 169 AD2d 662; *Foley v Kaplan*, 162 AD2d 155, 156; Partnership Law § 42).

Plaintiffs' notice for discovery and inspection was served more than five months after the date set by the court for service of such notice and, accordingly, the court did not improvidently exercise its broad discretion with respect to the conduct of discovery in denying plaintiffs' cross motion to compel a further response from defendants (*see, Coudert Bros. v Malmrose*, 268 AD2d 261).

The court also properly limited defendants' deposition of plaintiffs' former litigation counsel to the documents that plaintiffs disclosed. Defendants failed to show that the additional information they sought was likely to lead to relevant evidence (*see, Crazytown Furniture v Brooklyn Union Gas Co.*, 150 AD2d 420, 421) or that the information could not be obtained by other means, such as by deposing plaintiffs (*see, Perez v Board of Educ.*, 271 AD2d 251).

The court was not required to hold a hearing before issuing the appealed contempt order because the documents submitted by defendants established with reasonable certainty that plaintiffs knowingly disobeyed the court's earlier discovery orders (*see, Coronet Capital Co. v Spodek,* 202 AD2d 20, 29). Concur—Williams, J. P., Tom, Mazzarelli, Rubin and Saxe, JJ.