■ MORRIS LINDERMAN et al., as Trustees of the LINDERMAN FAMILY TRUST, Respondents, v PENNSYLVANIA BUILDING COMPANY, Appellant. [734 NYS2d 67] —Order, Supreme Court, New York County (Jane Solomon, J.), entered November 3, 2000, which, to the extent appealed from, granted plaintiffs' motion insofar as to enjoin defendant and its agents, servants, employees and all other persons acting under its authority from

preventing plaintiffs from inspecting and copying books and records of defendant partnership, and denied defendant's cross motion seeking, *inter alia*, an order of confidentiality, unanimously affirmed, with costs.

Although defendant's request for an order of confidentiality is not academic (*cf.*, *O'Hara v Bayliner*, 248 AD2d 149), it is lacking in merit. While there is only a minimal initial burden where a disclosure objectant asserts that the subject documents contain trade secrets (*see, e.g.*, *Bristol, Litynski, Wojcik v Town of Queensbury*, 166 AD2d 772, 773), the affidavit of defendant's general partner does not include non-conclusory assertions (*see*, *Sheldon v Kimberly-Clark Corp.*, 111 AD2d 912, 913) giving rise to a "concern that [defendant's] competitors may gain some competitive advantage as a result of discovery of secret business procedures and information" (*see, Jackson v Dow Chem. Co.*, 214 AD2d 827, 828). Denial of the order of confidentiality was therefore proper (*cf.*, *Blum v New York Stock Exch.*, 263 AD2d 522, 523). Concur—Sullivan, P. J., Rosenberger, Williams, Tom and Friedman, JJ.