■ Collins & Aikman Products Co., Respondent, v Sermatech Engineering Group, Inc., et al., Appellants. [746 NYS2d 698]

In the contract and related documents by which defendants (the buyers) purchased a number of manufacturing facilities from plaintiff (the seller), the seller represented and warranted that there were no hazardous or toxic material risks at the sites, the buyers disclaimed reliance on any representations not made in the transaction documents, and, except as otherwise provided in such documents, the buyers, in various provisions throughout, also waived their right to sue the seller. The foregoing waiver provisions notwithstanding, the buyers commenced a number of actions against the seller alleging breach of the environmental representations made in the transaction documents, fraud, violation of a state licensing statute, civil conspiracy and negligent misrepresentation, and seeking cost recovery and contribution under the Federal Superfund law (42 USC § 9601 *et seq.*). In one such action, brought in Florida, the seller's motion to dismiss was denied and the denial was affirmed on appeal. The seller then commenced this action for breach of contract, based on the buyers' commencement of lawsuits in violation of the waiver provisions in the transaction documents, and seeking as damages the legal fees it spent in defending such lawsuits. The seller also sought a declaration that it had not breached the environmental representations and warranties it had made in the transaction documents. On cross motions for partial summary judgment, the motion court declined to rule, as the buyers urged, that the waiver provisions merely shielded against liability and did not constitute covenants entitling the seller to affirmative relief for their breach, and concluded that the meaning of these provisions presented an issue of fact. This was error.

The transaction documents nowhere contain an express covenant not to sue (*compare, e.g., Niese v Skip Barber Racing School*, 252 Wis 2d 766, 642 NW2d 645 [unpublished op]; *Dean v MacDonald*, 147 NH 263, 265-266, 786 A2d 834, 836-837), and, as a matter of law (*see, Non-Linear Trading Co. v Braddis Assoc.*, 243 AD2d 107, 114), cannot be construed to imply such a covenant. Rather, the waiver provisions are unambiguously defensive in nature and do not support an affirmative claim for damages. We reach this conclusion given that covenants not to sue, when considered purely defensively, are narrowly construed because they have the effect of exculpating a party from

its own wrongdoing (*see, Ash v New York Univ. Dental Ctr.*, 164 AD2d 366, 368-369), that the effect of the provisions urged by the seller would take them beyond mere defense, that the provisions are framed in the negative, and that the provisions do not appear in the contract article specifically covering "Covenants." Accordingly, we dismiss the contract causes of action and vacate the award of damages. Our fleeting dictum in *Colton v New York Hosp.* (53 AD2d 588, 589) does not require a different result. Neither the availability of damages for breach of a covenant not to sue, in general, nor the availability of damages in the form of attorneys' fees, in particular (*see generally, Mighty Midgets v Centennial Ins. Co.*, 47 NY2d 12, 21), were at issue in that case.

The trial court's declaration that the seller did not breach any of its warranties was based on the buyers' failure to show that there had been any governmental actions, orders or adjudications. This was error since no such showing was required under the transaction documents. However, the error does not require disturbance of the declaration. Even if there were contamination at the sites, the trial court properly found, based upon its crediting of the testimony proffered by the seller, that any such contamination did not have a "material adverse effect" within the meaning of the parties' contract.

The trial court, which allowed disclosure to proceed after the seller filed a note of issue, properly granted the seller a protective order precluding the depositions of four environmental agency employees. These proposed depositions had not been noticed in this action, despite the fact that depositions covering similar subject matter had been noticed over two years earlier in the buyers' actions in other states, and were not mentioned in response to the court's inquiry during a pretrial conference as to the need for additional disclosure (*see, Sexter v Kimmelman, Sexter, Warmflash & Leitner*, 277 AD2d 186). The trial court also properly excluded evidence of drums allegedly containing waste oil that were found several months after the trial had commenced, since the introduction of such evidence would have violated the parties' stipulation to preclude evidence not exchanged before a certain date, which had passed. Notably, the stipulation had been crafted, after motion practice, in partial response to the buyers' several attempts to introduce new information at the trial.

The foregoing ruling with respect to the award of declaratory relief is without prejudice to buyers' claims in the other pending actions. Concur—Tom, J.P., Mazzarelli, Rosenberger, Ellerin and Rubin, JJ.