■ CAROL L. WOLCHOK, Respondent-Appellant, v SUCHMAN & FEINBLUM et al., Appellants-Respondents. [748 NYS2d 497] —Order, Supreme Court, New York County (Edward Lehner, J.), entered on or about June 8, 2001, which, in an action against accountants for professional malpractice, insofar as ap-

pealed from, granted plaintiff's motion to vacate a prior preclusion order granted on default, and, upon vacatur, denied plaintiff's cross motion for a protective order directing defendants to keep her tax records confidential, unanimously modified, on the facts, to grant the protective order, and the matter remanded for the purpose of settling such order, and otherwise affirmed, without costs.

Plaintiff's attorney provides satisfactory proof that plaintiff did not default on defendants' motion for a preclusion order, namely, his affirmation of service of papers in opposition and a cross motion for a protective order on March 3, 2001, and a receipt from his lawyers service stating that such papers were filed on March 13, 2001. Plaintiff's attorney also provides a satisfactory explanation for not having appeared in court for the oral argument that defendants assert was scheduled for April. 6, 2001, namely, his representation that he had no notice of such oral argument, and his belief that the motion had been "submitted" on March 13 without scheduling of any further calendar dates, as confirmed not only by his lawyers service receipt but also by the court's database of case records. Plaintiff also shows that the motion court's March 13 calendar, as published in the New York Law Journal, listed the motion as submitted, and there is nothing on the face of the preclusion order itself, signed on April 6, to indicate that oral argument had been scheduled for that date. It thus appears that the motion was submitted without oral argument on March 13, but that the papers plaintiff filed on March 13 did not find their way into the motion court's file before the motion was decided on April 6. Under the circumstances, the preclusion order was properly vacated. While plaintiff appears to accept the necessity of disclosing the tax records demanded by defendants, a protective order safeguarding the confidentiality of the returns should have been granted (see Foley v Kaplan, 162 AD2d 155; cf. Rosenfeld v Kaplan, 245 AD2d 176), and we modify accordingly. Concur—Tom, J.P., Saxe, Sullivan, Rosenberger and Lerner, JJ.