■ Robert E. Kodsi, Appellant, v Steven T. Gee et al., Respondents. [864 NYS2d 9]—

Order, Supreme Court, New York County (Carol Edmead, J.), entered May 1, 2008, which, to the extent appealed from, denied plaintiff's cross motion for an order protecting the confidentiality of certain documents and granted defendants' motion directing their unprotected production, unanimously modified, on the law, the motion denied and the cross motion granted with respect to plaintiff's tax returns, as indicated herein, and otherwise affirmed, without costs.

Domestic Relations Law § 235 (1) mandates that all papers filed in a matrimonial matter be designated as confidential. That did not require the court, in this legal malpractice action, to issue an order protecting from outside disclosure all documents requested by defendants that were submitted in connection with the underlying divorce action. The instant malpractice action alleges that defendants failed to secure an uncontested divorce, causing plaintiff to sustain substantial economic damages. The shield afforded by section 235 must, in this instance, give way to the disclosure of relevant evidence needed for the

defense against such claims, including records filed in the divorce proceeding that may provide evidence to rebut plaintiff's contentions of liability and the extent of his financial loss (*see Janecka v Casey*, 121 AD2d 28 [1986]).

The court did abuse its discretion, however, to the extent it denied an order to protect the confidentiality of plaintiff's tax returns—specifically, his federal and state returns and W-2 statements for the years 2002 to 2007. Given the policy disfavoring disclosure of tax returns (*see Williams v New York City Hous. Auth.*, 22 AD3d 315 [2005]), plaintiff's cross motion should have been granted (*see e.g. Foley v Kaplan*, 162 AD2d 155 [1990]).

The court is directed to issue an order adopting the language of plaintiff's proposed order, providing that plaintiff's tax returns alone shall be designated as "confidential" documents protected from disclosure, discussion or use by anyone except counsel for the named parties, consultants, experts or investigators retained to assist in the preparation and presentation of the claims or defenses, any person who prepared each particular document or to whom copies were addressed or delivered, court personnel, and disciplinary committees. The order should further require that before disclosing the tax returns to others, defendants must first provide plaintiff with the name, address and occupation of each proposed recipient, and if plaintiff objects and the parties are unable to resolve the dispute, defendants must seek a ruling from the court. Concur—Mazzarelli, J.P., Andrias, Saxe, Friedman and Acosta, JJ.