■ THE PEOPLE OF THE STATE OF NEW YORK, by ANDREW M. CUOMO, Attorney General of the Sate of New York, Respondent, v MAURICE R. GREENBERG et al., Appellants. AMERICAN INTERNATIONAL GROUP, INC., Nonparty Respondent. [881 NYS2d 92]—

Order, Supreme Court, New York County (Charles E. Ramos, J.), entered on or about April 17, 2008, which, insofar as appealed from, denied defendants' motion to compel nonparty American International Group, Inc. (AIG) to comply with *People v Greenberg* (50 AD3d 195 [2008], *lv dismissed* 10 NY3d 894 [2008]) to the extent the motion sought categories of documents outside the categories identified in *Greenberg*, unanimously affirmed, with costs. Order, same court and Justice, entered

December 15, 2008, which, insofar as appealed from, denied defendants' motion to compel AIG to produce certain documents, unanimously affirmed, with costs. Order, same court and Justice, entered December 22, 2008, which, insofar as appealed from, denied defendants' motion to compel AIG to produce hitherto unproduced interview notes and memoranda, unanimously affirmed, with costs.

In September 2006, the motion court found that AIG had waived its privilege with respect to those interview memoranda that provided a basis upon which factual or legal conclusions were made in a report that AIG had turned over to the New York Attorney General's Office (interview memoranda). The court also denied defendants' motion to compel AIG to produce legal memoranda. Defendants appealed only the portion of the September 2006 order that denied their motion to compel production of legal memoranda. Thus, our previous decision dealt only with defendants' efforts to obtain "legal memoranda," which we defined as "all memoranda created during their tenure as officers and directors of AIG reflecting the advice of counsel, efforts to obtain the advice of counsel, and counsel's involvement in the four transactions giving rise to the subject charges" (50 AD3d at 197). The opinion makes it clear that defendants sought "the internal legal memoranda that were allegedly prepared for their use and relied upon by them in order to support their advice of counsel defense" (*id*. at 200). Accordingly, the motion court's April 17, 2008 order correctly limited defendants to viewing "AIG privileged documents that (a) reflect the advice they received from counsel, (b) their efforts to obtain the advice of counsel, and (c) counsel's involvement in the four transactions that gave rise to the subject charges," and its December 15, 2008 order correctly recognized that the issue of interview memoranda was not before us on the prior appeal.

In the motion that was decided by the September 2006 order, defendants argued that AIG's disclosure of the report resulting from its internal investigation to the Attorney General and the Securities and Exchange Commission waived AIG's privilege as to the subject matters covered in the report. The court did not find a broad subject-matter waiver; it found a more limited waiver. Since, as noted, defendants did not appeal from that portion of the September 2006 order, on the current appeal, we will not consider any waiver arguments based on AIG's mere disclosure of the report.

To the extent that defendants base their waiver argument on AIG's allegedly selective disclosure since 2006, the argument is unavailing. Waiver is predicated on the privilege holder's plac-

ing the selectively disclosed privileged communications at issue (*see e.g. American Re-Insurance Co. v United States Fid. & Guar. Co.*, 40 AD3d 486, 492 [2007]), i.e., intending to prove an asserted claim or defense by use of the privileged materials (*Deutsche Bank Trust Co. of Ams. v Tri-Links Inv. Trust*, 43 AD3d 56, 64 [2007]). AIG having not been a party since February 2006 (*see Greenberg*, 50 AD3d at 197 n 1), it has no claims or defenses to prove.

The December 22, 2008 order does not impermissibly narrow the scope of the September 2006 order. The three categories set forth in the 2008 order are a reasonable definition of "provided a basis," the operative language in the 2006 order.

We have considered defendants' remaining arguments and find them unavailing.

We deny AIG's motion to dismiss defendants' appeals as moot. AIG's stated intention to provide defendants with all the documents they seek is insufficient to render the appeals moot (*see Big Apple Concrete Corp. v Abrams*, 103 AD2d 609, 612 [1984]).

Motion seeking to dismiss appeal denied. Concur—Tom, J.P., Friedman, Catterson, Moskowitz and Richter, JJ.