■ JPMorgan Chase Funding Inc., Appellant, v William D. Cohan, Respondent. [20 NYS3d 363]—

Order, Supreme Court, New York County (Manuel J. Mendez, J.), entered March 25, 2015, which, among other things, denied plaintiff's motion for a protective order, unanimously modified, on the law, to grant the motion solely as to any tax returns produced, and otherwise affirmed, without costs.

Plaintiff, a subsidiary of defendant's former employer, failed to show that, other than the tax returns, the requested documents, regarding a partnership and investments made by the partnership, contain trade secrets (*see Mann v Cooper Tire Co.*, 33 AD3d 24, 30-31 [1st Dept 2006], *lv denied* 7 NY3d 718 [2006]). Plaintiff's counsel's affirmation contains conclusory assertions (*see Linderman v Pennsylvania Bldg. Co.*, 289 AD2d 77, 78 [1st Dept 2001]), and does not discuss the extent to which the approximately 6,000 potentially responsive documents contain information known outside of the partnership, the current value of that information to both the partnership and its competitors, the manner in which the information was obtained and kept, and the ease or difficulty of obtaining the information from nonpublic funds or other investors (*see Ashland Mgt. v Janien*, 82 NY2d 395, 407 [1993]). Although the initial showing required by a party seeking a protective order against discovery of documents containing trade secrets is "minimal" (*Jackson v Dow Chem. Co.*, 214 AD2d 827, 828 [3d Dept 1995]), it still must be non-conclusory and give rise to a "concern that [plaintiff's] competitors may gain some competitive advantage as a result of discovery of secret business procedures and information" (*Linderman*, 289 AD2d at 78 [internal quotations omitted; bracketed material altered]). Plaintiff failed to make the requisite showing. We also reject plaintiff's claim that defendant is otherwise contractually bound to keep the documents confidential.

Nonetheless, we find that the demanded tax returns are entitled to confidentiality at this point in the litigation. We have consistently treated discovery requests for tax returns with heightened scrutiny, recognizing that they are confidential by their nature (*see e.g. Kodsi v Gee*, 54 AD3d 613, 614 [1st Dept 2008]; *Rosenfeld v Kaplan*, 245 AD2d 176 [1st Dept

1997]). Under the circumstances, the trial court should have directed that the disclosure of tax returns in this case be made subject to an order of confidentiality. We cannot ascertain on the record presently before us whether the claims in the underlying action put the tax returns "at issue" in this action (*see People v Greenberg*, 63 AD3d 576 [1st Dept 2009]; *Veras Inv. Partners, LLC v Akin Gump Strauss Hauer & Feld LLP*, 52 AD3d 370 [1st Dept 2008]). Regardless, because an at issue waiver affects whether a document is discoverable, not whether it can be cloaked with confidentiality against outsiders to the litigation, it would not change the outcome of this dispute. Concur—Tom, J.P., Saxe, Richter and Gische, JJ.