Kim & Bae, P.C. v Lee (2019 NY Slip Op 04924)





Kim & Bae, P.C. v Lee


2019 NY Slip Op 04924


Decided on June 19, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 19, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2016-04892
2016-06644
 (Index No. 3415/15)

[*1]Kim & Bae, P.C., et al., appellants,
v
Sunki Lee, et al., respondents.


Kim & Bae, P.C., New York, NY (Edward N. Mazlish and Farzad Ramin of counsel), appellant pro se and for appellants Bong June Kim and Christine Bae.



DECISION & ORDER
In an action, inter alia, to recover damages for defamation, the plaintiffs appeal from two orders of the Supreme Court, Queens County (Timothy J. Dufficy, J.), entered April 21, 2016, and May 17, 2016, respectively. The order entered April 21, 2016, denied the plaintiffs' motion to extend the time to complete discovery and to file a note of issue, and directed that the plaintiffs are precluded from offering any evidence at trial. The order entered May 17, 2016, insofar as appealed from, denied that branch of the plaintiffs' motion which was for a protective order.
ORDERED that the order entered April 21, 2016, is modified, on the law, by deleting the provision thereof directing that the plaintiffs are precluded from offering any evidence at trial; as so modified, the order is affirmed, without costs or disbursements, and so much of a subsequent order of the same court entered April 10, 2017, as, in effect, upon reargument, adhered to the determination in the order entered April 21, 2016, directing that the plaintiffs are precluded from offering any evidence at trial is vacated; and it is further,
ORDERED that the order entered May 17, 2016, is affirmed insofar as appealed from, without costs or disbursements.
The plaintiffs commenced this action seeking, among other things, damages for defamation based on allegations that the defendants were operating a website on which were posted defamatory comments about the plaintiffs. After significant delay by the parties in conducting discovery, the Supreme Court issued an order dated August 21, 2015, which, among other things, directed that depositions shall commence on or before September 30, 2015, beginning with the plaintiffs, and shall occur day to day until completed, with no adjournments, extensions, or postponements of that time whatsoever. The court further directed that any party failing to appear or otherwise violating the order shall be precluded from testifying at the time of trial. One of the plaintiffs appeared on September 30, 2015, for the scheduled deposition, but then failed to appear for the continuation on subsequent dates. The other plaintiffs did not appear for their scheduled depositions.
The plaintiffs thereafter moved, among other things, for a protective order compelling the defendants to execute a confidentiality agreement with respect to certain information the [*2]plaintiffs expected to be disclosed during their depositions. While that motion was pending, a compliance conference order dated January 5, 2016, directed that a note of issue be filed on or before April 29, 2016. In March 2016, the plaintiffs moved to extend the time to complete discovery and to file the note of issue on the ground that depositions had not been completed because their motion for a protective order was pending. In an order entered April 21, 2016, the Supreme Court denied the plaintiffs' motion to extend the time to complete discovery and to file the note of issue, and directed that the plaintiffs are precluded from offering any evidence at trial. Separately, the plaintiffs also moved to extend the time to complete discovery and to file the note of issue. In an order entered May 17, 2016, the court, inter alia, denied that branch of the plaintiffs' motion which was for a protective order. The plaintiffs appeal from both orders.
Contrary to the plaintiffs' contention, the Supreme Court did not improvidently exercise its discretion in denying their motion to extend the time to complete discovery and to file the note of issue. Pursuant to CPLR 2004, "[e]xcept where otherwise expressly prescribed by law, the court may extend the time fixed by any statute, rule or order for doing any act, upon such terms as may be just and upon good cause shown, whether the application for extension is made before or after the expiration of the time fixed." The grant of such an extension of time is addressed to the sound discretion of the trial court (see Tewari v Tsoutsouras, 75 NY2d 1, 11; Oliver v Town of Hempstead, 68 AD3d 1079, 1080; Carota v Massapequa Union Free School Dist., 272 AD2d 428, 428). In exercising its discretion, a court may consider such factors as the length of the delay, the reason or excuse for the delay, and any prejudice to the party opposing the motion (see Tewari v Tsoutsouras, 75 NY2d at 11-12; U.S. Bank N.A. v Adler, 148 AD3d 858; Siracusa v Fitterman, 110 AD3d 1055, 1056).
Here, the record supports the Supreme Court's determination to deny the plaintiffs' request for an extension of time. A motion for a protective order only stays disclosure of the particular matter in dispute, not all discovery (see CPLR 3103[b]; Vandashield Ltd v Isaacson, 146 AD3d 552, 556). Thus, by filing the motion for a protective order as to certain information, the plaintiffs were not relieved of the obligation to otherwise comply with the court's August 21, 2015, order.
However, there was no record basis for the Supreme Court to direct that the plaintiffs are precluded from offering any evidence at trial. The order dated August 21, 2015, contained a directive conditionally precluding any party from testifying at trial if that party failed to appear for a deposition as set forth in that order. As a result of the plaintiffs' respective failures to comply with the conditional order of preclusion, that conditional order became absolute upon the plaintiffs' noncompliance with its terms, precluding the plaintiffs from testifying at trial (see Lee v Barnett, 134 AD3d 908, 909-910; Julien-Thomas v Platt, 133 AD3d 824, 825; Archer Capital Fund, L.P. v GEL, LLC, 95 AD3d 800, 801). Although the plaintiffs are, by virtue of the August 21, 2015, order, precluded from testifying at trial, that order, by its terms, does not prevent the plaintiffs from providing other evidence. No other ground for the court's determination to prevent the plaintiffs from providing any evidence at trial appears in the record (cf. CPLR 3126). Accordingly, we modify the order appealed from by deleting so much of the order entered April 21, 2016, as directed that the plaintiffs are precluded from offering any evidence at trial.
Pursuant to CPLR 3103(a), a court may issue a protective order denying, limiting, conditioning, or regulating the use of any disclosure device, in order "to prevent unreasonable annoyance, expense, embarrassment, disadvantage, or other prejudice to any person or the courts." The supervision of disclosure and the setting of reasonable terms and conditions rests within the sound discretion of the trial court and, absent an improvident exercise of discretion, its determination will not be disturbed (see Noy v Noy, 160 AD3d 887; AAA Vascular Care, PLLC v Integrated Healthcare Mgt., LLC, 99 AD3d 642; Spodek v Neiss, 70 AD3d 810).
Here, the affidavit of the plaintiff Bong June Kim submitted in support of that branch of the plaintiffs' motion which was for a protective order contained only conclusory assertions that confidentiality protection was necessary (see JPMorgan Chase Funding Inc. v Cohan, 134 AD3d 455; Linderman v Pennsylvania Bldg. Co., 289 AD2d 77, 78). Additionally, the plaintiffs failed to [*3]demonstrate unreasonable annoyance, embarrassment, disadvantage, or prejudice to warrant the issuance of a protective order (see CPLR 3103[a]; Noy v Noy, 160 AD3d at 887-888). Accordingly, we agree with the Supreme Court's determination in the order dated May 17, 2016, denying that branch of the plaintiffs' motion which was for a protective order.
CHAMBERS, J.P., HINDS-RADIX, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court