## Kennedy Lewis Inv. Mgt., LLC v StimQ Med. LLC

2024 NY Slip Op 32873(U)

August 14, 2024

Supreme Court, New York County

Docket Number: Index No. 653767/2022

Judge: Arlene P. Bluth

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   <u>HON. ARLENE P. BLUTH</u>       PART       14

*Justice*

------------------------------------------------------------------------------X

KENNEDY LEWIS INVESTMENT MANAGEMENT, LLC,

                              Plaintiff,

                    - v -

STIMQ MEDICAL LLC, LAURA TYLER PERRYMAN, LTP
LIMITED LLC,

                              Defendant.

------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 653767/2022 |
| MOTION DATE | 08/13/2024 |
| MOTION SEQ. NO. | 008 009 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 008) 259, 260, 261, 262, 263, 264, 265, 267, 270

were read on this motion to/for         ORDER OF PROTECTION/CONFIDENTIALITY   .

The following e-filed documents, listed by NYSCEF document number (Motion 009) 254, 255, 258, 271, 272, 273, 274, 275

were read on this motion to/for                    DISMISSAL                    .

Motion Sequence Numbers 008 and 009 are consolidated for disposition. Plaintiff's

motion (MS008) for the entry of a confidentiality order is denied. Defendant Perryman's motion

(MS009) to compel is decided as described below.

**Background**

Plaintiff is an investment advisory firm that provides investment services to pension plans

and other entities. Plaintiff argues that Ms. Perryman fraudulently induced it into extending $20

million in financing (via a loan) and to invest $10 million to purchase shares in an entity called

Stimwave Technologies Inc. ("Stimwave"); Ms. Perryman was CEO of Stimwave. Defendant

StimQ Medical LLC ("StimQ") is a subsidiary of Stimwave.

653767/2022   KENNEDY LEWIS INVESTMENT MANAGEMENT, LLC vs. STIMQ MEDICAL LLC ET
AL
Motion No.  008 009

Page 1 of 7

[* 1]

Plaintiff insists that Ms. Perryman misrepresented Stimwave's financial condition during the loan negotiations and that these alleged misrepresentations became the focus of a U.S. Department of Justice investigation. Specifically, plaintiff claims that that Ms. Perryman assured plaintiff that a prior entity, called Micron (an entity of which she was the managing member), no longer had relevant intellectual property rights; apparently Stimwave allegedly acquired these IP rights from Micron. Plaintiff contends that Ms. Perryman asserted that StimQ was a "disregarded entity" and that Stimwave owned 81% of StimQ equity. It argues that it learned in November 2019 that she was about to claim that these representations were false even though they were made to induce plaintiff to enter into the aforementioned financial transactions. Stimwave, a medical device company, later declared bankruptcy and plaintiff (and its successors) acquired a 100% ownership interest in the assets of Stimwave.

**MS008**

Plaintiff seeks entry of a confidentiality order with respect to the exchange of document discovery. It contends that defendant Perryman has refused to sign such an order or even engage in a meet and confer about the issue. Plaintiff emphasizes that it has told Ms. Perryman it would produce documents but only subject to a confidentiality order.

It contends that such an order is necessary because Ms. Perryman seeks "highly sensitive, confidential, and proprietary information from Kennedy Lewis, including but not limited to information regarding investment decisions, strategies, and current and ongoing investments." Plaintiff also argues that Ms. Perryman seeks highly sensitive information from third parties, such as Stimwave (the entity that used to be controlled by Ms. Perryman). It acknowledges that Stimwave is no longer a going concern but the entity that acquired Stimwave's assets is an active entity.

653767/2022   KENNEDY LEWIS INVESTMENT MANAGEMENT, LLC vs. STIMQ MEDICAL LLC ET
AL
Motion No.  008 009

Page 2 of 7

2 of 7

[* 2]

In opposition, Ms. Perryman insists that she is not opposed to a process whereby certain documents can be marked confidential and logged on a "confidentiality log." Instead, she argues she objects to an agreement whereby plaintiff can mark everything confidential and thereby make it impossible to question witnesses about these documents. Ms. Perryman then details the number of documents that have already been publicly disclosed on this case's docket, including settlement agreements and emails between plaintiff and defendant.

"Under New York law, there is a broad presumption that the public is entitled to access to judicial proceedings and court records. This State has long recognized that civil actions and proceedings should be open to the public in order to ensure that they are conducted efficiently, honestly, and fairly" (*Mosallem v Berenson*, 76 AD3d 345, 348, 905 NYS2d 575 [1st Dept 2010]).

In other words, this Court must balance the strong presumption in favor of open proceedings with plaintiff's assertion that a confidentiality order is necessary. The Court denies the motion because plaintiff has not met its burden to show why a confidentiality order is required. Courts have denied requests for confidentiality orders where only conclusory assertions were offered in support of such relief (*Linderman v Pennsylvania Bldg. Co.*, 289 AD2d 77, 78, 734 NYS2d 67 [1st Dept 2001] [denying a request for a confidentiality order where the affidavit of the movant's general partner was insufficient]; *Sheldon v Kimberly-Clark Corp.*, 111 AD2d 912, 913, 111 AD2d 912 [2d Dept 1985] [denying a request for a confidentiality order which was based on a conclusory affirmation from the movant's attorney]).

Here, plaintiff did not submit an affidavit from someone with personal knowledge detailing the need for a confidentiality order and instead only offered conclusory assertions from its counsel. Plaintiff merely asserted that there are highly sensitive documents it would be

653767/2022   KENNEDY LEWIS INVESTMENT MANAGEMENT, LLC vs. STIMQ MEDICAL LLC ET AL
Motion No.  008 009

Page 3 of 7

3 of 7

compelled to produce to defendant Perryman. That is not sufficient to justify a conclusion that the disclosure of these records without a confidentiality order would somehow harm plaintiff.

As defendant correctly points out, a confidentiality order such as the one proposed by plaintiff creates significant additional burdens on any party wishing to use a document marked as confidential (*see* NYSCEF Doc. No. 261, ¶ 14 [setting up a process under which every use of a confidential document requires advance written notice and possible subsequent motion practice]). This Court has no doubt that some cases require the use of confidentiality orders, such as cases involving trade secrets and patents.  But this case concerns allegations by plaintiff (an investor) that defendants, and particularly defendant Perryman, engaged in widescale fraud to get plaintiff to invest. That alleged fraud, along with plaintiff's other claims, is explained in great detail in the complaint (*see* NYSCEF Doc. No. 2). Details about plaintiff's investment and the many related agreements are readily available in both the pleading and in files uploaded to the docket.

Moreover, the proposed agreement contains overly broad language that, as defendant argues, creates the risk that plaintiff will mark too many documents as confidential. The agreement defines "Confidential Information" as:

> "all Documents and Testimony, and all information contained therein, designated by a Party as "Confidential", if such Documents or Testimony or information, contains any trade secrets, proprietary or confidential business information, competitively sensitive information, or other information the disclosure of which, in the good faith judgment of the Party designating the material as Confidential, would or could be detrimental to that Party's business, prospects, opportunities, or reputation, or the business, prospects, opportunities, or reputation of any of that Party's customers, investors, partners, associates, co-investors, counter-parties, members, employees, or any of the like" (NYSCEF Doc. No. 261, ¶ [2][a]).

The catch-all phrase at the end of this definition, which permits a party to mark a document as confidential simply because it "could be … detrimental" to a broad range of

653767/2022   KENNEDY LEWIS INVESTMENT MANAGEMENT, LLC vs. STIMQ MEDICAL LLC ET AL
Motion No.  008 009

Page 4 of 7

4 of 7

interests, including a party's customers, investors, employees "or any of the like" seems designed to permit nearly every document to be marked as confidential. The Court is not a rubber stamp and cannot approve of such language.

The Court observes that while parties often agree between themselves to enter into a confidentiality order, the plaintiff here has demanded that this Court approve of such an order. That is, plaintiff is requesting that this Court review and sign off on a proposed confidentiality order that will create an overly onerous process for parties to use documents obtained in discovery where, on this record, there is no sufficient reason to do so.

The Court points out that, at least according to the proposed confidentiality order, marking a document as confidential is merely the first step before a party seeks to have a document filed under seal (*see e.g.,* NYSCEF Doc. No. 261, ¶ 14 [detailing that a producing party can file an order to show cause to seal a document marked as confidential]). This Court declines to force the parties in this case to engage in what might be endless motion practice to, for instance, merely include a document as an exhibit to a motion.

And the Court acknowledges plaintiff's concern that Ms. Perryman's purported antipathy towards plaintiff makes it hesitant to turn over documents. But the fact is that plaintiff sued Ms. Perryman individually and she has, as is her right, decided to represent herself. She is therefore entitled to receive relevant documents. Plaintiff's fears about what Ms. Perryman might do with the information she receives in discovery is not a reason to approve a broad confidentiality order. Under that reasoning, every case should contain restrictions; that is not the law.

653767/2022   KENNEDY LEWIS INVESTMENT MANAGEMENT, LLC vs. STIMQ MEDICAL LLC ET AL
Motion No.  008 009

Page 5 of 7

5 of 7

**MS009**

In this motion, Ms. Perryman complains that plaintiff has still not produced any documents. She complains that the response she received from plaintiff concerning her discovery requests only contained objections. Ms. Perryman points out that there even was an objection to a request to identify potential witnesses for plaintiff who could substantiate the claims in the complaint.

In opposition, plaintiff emphasizes that it is ready, willing, and able to produce documents to Ms. Perryman. It claims that since the filing of this motion, it has produced documents that do not contain confidential and sensitive business information. Plaintiff argues it is waiting for the Court's decision in MS008 (see above).

Based on the record in these two motions, the Court assumes that plaintiff declined to produce documents on the assumption that there would be a confidentiality order. Now that this Court has denied plaintiff's motion on that issue, the Court directs plaintiff to turn over the relevant documents (those not subject to a specifically stated applicable objection) to defendant on or before September 18, 2024. The parties may adjust deposition dates as needed.

The Court observes that while there may be other issues related to Ms. Perryman's discovery requests, those issues are not properly before this Court. For instance, Ms. Perryman did not address specific objections or specific requests; rather, her motion dealt with her overarching concern that she had not received any discovery. The parties are certainly free to address specific objections in future motions.

The Court denies plaintiff's demand for sanctions. As an initial matter, plaintiff did not cross-move for such relief. While plaintiff is clearly frustrated with Ms. Perryman's refusal to enter into a confidentiality order and with Ms. Perryman's incendiary language in her emails

653767/2022   KENNEDY LEWIS INVESTMENT MANAGEMENT, LLC vs. STIMQ MEDICAL LLC ET AL
Motion No.  008 009

Page 6 of 7

6 of 7

[* 6]

(NYSCEF Doc. No. 273 at 2 of 18), that does not entitle it to sanctions. And the record suggests that Ms. Perryman did not receive any discovery until after filing the instant motion; plaintiff stated that "Since the filing of the Motion, Kennedy Lewis has produced documents that do not contain confidential and sensitive business information" (NYSCEF Doc. No. 275 at 2). Plaintiff cannot bring a case, refuse to produce any documents, and then be surprised when a defendant moves to compel.

These are the eighth and ninth motions in a case from 2022. It is past the time to engage in meaningful discovery, including the exchange of document discovery and to hold depositions thereafter.

Accordingly, it is hereby

ORDERED that plaintiff's motion (MS008) for a confidentiality order is denied; and it is further

ORDERED that defendant Perryman's motion (MS009) is granted only to the extent that plaintiff must produce responsive, relevant documents in response to the subject demand by September 18, 2024.

| 8/14/2024 | | | |
|---|---|---|---|
| **DATE** | | **ARLENE P. BLUTH, J.S.C.** | |

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|
| | | GRANTED | X DENIED | | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

653767/2022   KENNEDY LEWIS INVESTMENT MANAGEMENT, LLC vs. STIMQ MEDICAL LLC ET AL
Motion No. 008 009

Page 7 of 7

7 of 7