■ RANJIT S. DHALIWAL, Appellant, v LONG BOAT TAXI, INC., et al., Respondents. [758 NYS2d 819] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Weiss, J.), dated September 1, 2000, which denied her motion for an extension of time in which to complete discovery and file a note of issue.

Ordered that the order is affirmed, with costs.

The Supreme Court's compliance conference order dated May 9, 2000, which served as the equivalent of a 90-day notice pursuant to CPLR 3216 (*see Goldberg v Tunstall,* 295 AD2d 315 [2002]; *Vento v Bargain Bilge W.,* 292 AD2d 596 [2002]; *Seletsky v St. Francis Hosp.,* 263 AD2d 452, 453 [1999]), required the plaintiff either to file a note of issue by August 8, 2000, or move for an extension of time within which to comply pursuant to CPLR 2004. The Supreme Court properly denied the plaintiff's motion to extend the time to complete discovery and file a note of issue, given the almost four-year delay in conducting any discovery from the time issue was joined until the plaintiff's motion, the plaintiff's failure to give any reason for the delay, and the prejudice to the defendants (*see Carota v Massapequa Union Free School Dist.,* 272 AD2d 428 [2000]; *Versatile Furniture Prods. v 32-8 Maujer Realty,* 97 AD2d 463 [1983]; *cf. Tewari v Tsoutsouras,* 75 NY2d 1, 12 [1989]). Altman, J.P., Krausman, Goldstein, H. Miller and Crane, JJ., concur.