■ SHANASIA OLIVER et al., Appellants, v TOWN OF HEMPSTEAD et al., Defendants, and VERIZON NEW YORK, INC., Respondent. [891 NYS2d 456]—

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

In this personal injury action, the Supreme Court issued an order dated March 12, 2008, which certified the matter as ready for trial and directed the plaintiffs to file a note of issue within 90 days. On June 11, 2008, one day after that 90-day period expired, the plaintiffs moved to extend the time to file their note of issue until September 11, 2008. Although the depositions of all parties had been held, the infant plaintiff had yet to appear for a physical examination requested by the defendant Verizon New York, Inc. (hereinafter Verizon). Counsel for the plaintiffs explained that the infant plaintiff could not attend the physical examination because the infant plaintiff was in a juvenile detention facility. At the time that the motion was made, the plaintiff mother had not cooperated with her attorney in providing the name of the juvenile detention facility housing the infant plaintiff. Only one of the remaining defendants, Verizon, opposed the motion. The Supreme Court denied the plaintiffs' motion, and the plaintiffs now appeal, with no brief having been filed by any of the defendants.

Pursuant to CPLR 2004, "(e)xcept where otherwise expressly prescribed by law, the court may extend the time fixed by any statute, rule or order for doing any act, upon such terms as may be just and upon good cause shown, whether the application for extension is made before or after the expiration of the time fixed." It is within the discretion of the Supreme Court whether to grant such an extension of time (*see Carota v Massapequa Union Free School Dist.*, 272 AD2d 428 [2000]).

When the Supreme Court has issued a certification order requiring a plaintiff to serve a note of issue within 90 days pursuant to CPLR 3216, in order to comply with that notice, a plaintiff must either timely file the note of issue or move for an extension of time to file the note of issue pursuant to CPLR 2004 (*see Builders Mechanic Co. v Claiborne*, 277 AD2d 193 [2000]). In considering a CPLR 2004 application to extend the time to file a note of issue, the Supreme Court can consider the length of the delay in making the application, the reason for the delay, and any prejudice to be caused to the opposing party (*see Dhaliwal v Long Boat Taxi*, 305 AD2d 449 [2003]).

Although, as here, a certification order which directs the plaintiff to file a note of issue within 90 days has the same effect as a valid 90-day notice pursuant to CPLR 3216 (*see*

*Shcherbina v Queens Nassau Nursing Home, Inc.*, 66 AD3d 869 [2009]; *Louis v MTA Long Is. Bus Co.*, 44 AD3d 628 [2007]), the Supreme Court improvidently exercised its discretion in denying the plaintiffs' motion to extend the time to file the note of issue. The plaintiffs showed good cause for being unable to certify that all discovery was complete given the infant plaintiff's detention in a juvenile detention facility, which caused her to be unable to attend the physical examination requested by Verizon (*see* CPLR 2004; *Cook v City of New York*, 11 AD3d 424 [2004]; *cf. Carota v Massapequa Union Free School Dist.*, 272 AD2d 428 [2000]). Moreover, the plaintiffs' motion was filed only one day after the 90-day period within which to file the note of issue had expired, and the papers submitted by Verizon, the only defendant opposing the motion, were devoid of any claim that it would suffer any prejudice if the motion was granted (*cf. Dhaliwal v Long Boat Taxi*, 305 AD2d 449 [2003]). Skelos, J.P., Covello, Santucci, Chambers and Austin, JJ., concur.