Leader v Steinway, Inc. (2020 NY Slip Op 04831)





Leader v Steinway, Inc.


2020 NY Slip Op 04831


Decided on September 2, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON
PAUL WOOTEN, JJ.


2017-10395 
2018-01889
 (Index No. 6433/16)

[*1]Mervin Leader, etc., appellant, 
v
Steinway, Inc., et al., defendants, Bowery Bay Realty, LLC, respondent.


G. Wesley Simpson, P.C., Brooklyn, NY, for appellant.
O'Connor O'Connor Hintz & Deveney, LLP, Melville, NY (Ira E. Goldstein and Eugene O. Morenus of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for wrongful death and conscious pain and suffering, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Thomas D. Raffaele, J.), dated June 29, 2017, and (2) an order of the same court, dated December 12, 2017. The order dated June 29, 2017, insofar as appealed from, granted that branch of the unopposed motion of the defendant Bowery Bay Realty, LLC, which was for summary judgment dismissing the complaint insofar as asserted against it. The order dated December 12, 2017, denied the plaintiff's motion pursuant to CPLR 2004 for an extension of time to oppose the motion of the defendant Bowery Bay Realty, LLC, for summary judgment.
ORDERED that the appeal from the order dated June 29, 2017, is dismissed, as no appeal lies from an order entered upon the default of the appealing party (see CPLR 5511); and it is further,
ORDERED that the order dated December 12, 2017, is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the defendant Bowery Bay Realty,
LLC, payable by the plaintiff.
The plaintiff, as administrator of the decedent's estate, commenced this action, inter alia, to recover damages for the wrongful death and conscious pain and suffering of the decedent resulting from an automobile accident that occurred in 2014. The complaint alleged that the decedent, a passenger in a vehicle traveling westbound on 19th Avenue near 37th Street in Queens, was killed when the vehicle plunged into a creek due to a missing or collapsed guardrail at the location. The complaint further alleged that the defendant Bowery Bay Realty, LLC (hereinafter the defendant), made special use of the area where the accident occurred, thereby causing or contributing to the collapse of the guardrail.
Following joinder of issue, the defendant moved, inter alia, for summary judgment [*2]dismissing the complaint insofar as asserted against it. After obtaining an extension of time to oppose the motion and an adjournment of the return date of the motion from the Supreme Court, the plaintiff failed to timely submit opposition to the motion. One day prior to the adjourned return date of the defendant's motion for summary judgment, the plaintiff filed a motion pursuant to CPLR 2004 to extend his time to oppose the defendant's motion. On the adjourned return date, the court rejected the plaintiff's proffered opposition papers as untimely.
In an order dated June 29, 2017, the Supreme Court, inter alia, granted that branch of the defendant's motion which was for summary judgment dismissing the complaint insofar as asserted against it without opposition. In a subsequent order dated December 12, 2017, the court denied the plaintiff's motion to extend his time to oppose the defendant's motion for summary judgment. The plaintiff appeals from both orders.
The appeal from so much of the order dated June 29, 2017, as granted that branch of the defendant's motion which was for summary judgment dismissing the complaint insofar as asserted against it must be dismissed. The plaintiff failed to oppose that motion and, therefore, is precluded from challenging the propriety of that order on appeal (see Wells Fargo Bank, N.A. v Harrigan, 179 AD3d 1142; Wells Fargo Bank, N.A. v Estwick, 160 AD3d 911; Messina v City of New York, 147 AD3d 748).
CPLR 2004 provides that, "[e]xcept where otherwise expressly prescribed by law, the court may extend the time fixed by any statute, rule or order for doing any act, upon such terms as may be just and upon good cause shown, whether the application for extension is made before or after the expiration of the time fixed." The determination of whether to grant a request for an extension of time is addressed to the sound discretion of the trial court (see Tewari v Tsoutsouras, 75 NY2d 1, 11-12; Kim & Bae, P.C. v Sunki Lee, 173 AD3d 990, 992; Oliver v Town of Hempstead, 68 AD3d 1079, 1080).
Under the circumstances of this case, the Supreme Court did not improvidently exercise its discretion in denying the plaintiff's motion for an extension of time to submit opposition to the defendant's motion for summary judgment. The plaintiff did not make an adequate showing of good cause because he did not proffer any valid excuse for the delay, which resulted from a lack of due diligence on the plaintiff's part (see Bank of Am., N.A. v Afflick, 172 AD3d 1146, 1147; Tec-Crete Tr. Mix Corp. v Great Am. Ins. Co. of N.Y., 167 AD3d 806, 807; Adotey v British Airways, PLC, 145 AD3d 748, 750).
MASTRO, J.P., MALTESE, BRATHWAITE NELSON and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court