| |
|---|
| **Putien New Power Intl. Trade Co., Ltd. v Esquire Footwear Brands, LLC** |
| 2025 NY Slip Op 30184(U) |
| January 15, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 157819/2022 |
| Judge: Emily Morales-Minerva |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:     HON. EMILY MORALES-MINERVA                PART        42M

*Justice*

-------------------------------------------------------------------------------X

PUTIEN NEW POWER INTERNATIONAL TRADE CO., LTD.,

INDEX NO.            157819/2022

MOTION DATE          11/06/2024

Plaintiff,

MOTION SEQ. NO.         005

- v -

ESQUIRE FOOTWEAR BRANDS, LLC, ISAAC SAADA,
WHITE OAK COMMERCIAL FINANCE, LLC

**DECISION + ORDER ON
MOTION**

Defendant.

-------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 005) 98, 99

were read on this motion to/for _____ EXTEND - TIME _____.

APPEARANCES:

    Bluestone, P.C., New York, New York (M. Zachary Bluestone, Esq., of counsel) for plaintiff.

    Goldberg Segalla LLP, New York, New York (Adam S. Katz, Esq. of counsel), for defendants Esquire Footwear Brands, LLC and Isaac Saada.

EMILY MORALES-MINERVA, J.S.C.

In this action for an alleged fraudulent conveyance, PUTIEN NEW POWER INTERNATIONAL TRADE CO., LTD. (plaintiff) moves, by notice of motion (sequence no. 005), pursuant to CPLR 2004, for an order to extend the time to file the note of issue.

Defendants ESQUIRE FOOTWEAR BRANDS, LLC and ISSAC SAADA do not oppose the motion.

157819/2022  PUTIEN NEW POWER INTERNATIONAL TRADE CO., LTD. vs. ESQUIRE
FOOTWEAR BRANDS, LLC ET AL
Motion No. 005

Page 1 of 4

BACKGROUND

The facts and procedural history underlying this action were previously set forth in this Court's decision and order dated October 3, 2024, and will not be repeated herein (see NY St Cts Elec Filing [NYSCEF] Doc. No. 96, Decision and Order, dated October 3, 2024). Pursuant to that decision and order, this Court granted, in part, plaintiff's motion (seq. no. 004) to compel and ordered defendants to submit responses to plaintiff's outstanding interrogatories and request for document production within 60 days of October 3, 2024 (see id.). The note of issue filing deadline -- set for November 6, 2024 -- fell within the court-ordered 60-day time frame (see NYSCEF Doc. No. 95, So-Ordered Stipulation to Extend Note of Issue Deadline). As such, plaintiff filed the instant motion (seq. no. 005) seeking an extension of the note of issue filing deadline.

ANALYSIS

CPLR 2004 provides that:

> "Except where otherwise expressly prescribed by law, the court may extend the time fixed by any statute, rule or order for doing any act, upon such terms as may be just and upon good cause shown, whether the

**157819/2022  PUTIEN NEW POWER INTERNATIONAL TRADE CO., LTD. vs. ESQUIRE FOOTWEAR BRANDS, LLC ET AL**
**Motion No.  005**

**Page 2 of 4**

2 of 4

[* 2]

application for extension is made before or after the expiration of the time fixed."

The court has discretion in extending deadlines such as that for filing note of issue (see Oliver v Town of Hempstead, 68 AD3d 1079, 1080 [2d Dept 2009]. When considering the request to extend the time to file a note of issue, "the court may properly consider factors such as the length of the delay, whether the opposing party has been prejudiced by the delay, the reason given for the delay and whether the moving party was in default before seeking the extension" (Grant v City of New York, 17 AD3d 215, 217 [1st Dept 2005] quoting Tewari v Tsoutsouras, 75 NY2d 1, 12 [1989]).

Here, plaintiff's application is timely as it was filed on the day the note of issue deadline was set to expire (see NYSCEF Doc. No. 99, Affirmation of M. Zachary Bluestone). Further, document discovery remains outstanding based, in part, on this Court's October 3, 2024 decision and order, which ordered defendants to respond to outstanding discovery requests within 60 days. Given that the current note of issue filing deadline falls within that 60-day timeframe, the parties are unable to certify that all discovery is complete. Defendants also do not assert any prejudice, nor do they oppose the motion. Therefore, good cause is shown for extending the time to file note of issue (see 361 Broadway Assoc. Holdings, LLC v Foundations Group 1,

Inc., 210 AD3d 548, 549 [1st Dept 2022] [holding that motion court's denial of motions to extend the deadline to file the note of issue and to complete discovery was an improvident exercise of discretion]).

Accordingly, it is

ORDERED that plaintiff PUTIEN NEW POWER INTERNATIONAL TRADE CO., LTD.'s motion (seq. no. 005) seeking to extend the time in which to file note of issue is granted, and the note of issue shall be filed by plaintiff on or before April 24, 2025; and it is further

ORDERED that no further extensions will be given; and it is further

ORDERED that this matter is scheduled for a virtual Status Conference in Part 42 on March 10, 2025 at 12:00 P.M.

1/15/2025
DATE

EMILY MORALES-MINERVA, J.S.C.

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | X | GRANTED | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

157819/2022  PUTIEN NEW POWER INTERNATIONAL TRADE CO., LTD. vs. ESQUIRE
FOOTWEAR BRANDS, LLC ET AL
Motion No. 005

Page 4 of 4

[* 4]