## Seog Yoon v L&L Holding Co., LLC

### 2025 NY Slip Op 30449(U)

### February 5, 2025

### Supreme Court, New York County

### Docket Number: Index No. 151107/2021

### Judge: Arlene P. Bluth

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:  **HON. ARLENE P. BLUTH**
_Justice_

PART  **14**

------------------------------------------------------------------------X

SEOG YOON, BETH YOON,

Plaintiffs,

- v -

L&L HOLDING COMPANY, LLC,425 PARK OWNER LLC,TISHMAN CONSTRUCTION CORPORATION OF NEW YORK, 425 PARK AVENUE GROUND LESSEE, L.P., PANORMOS, LLC,SHACHI CHAUDHARY, OWEN STEEL COMPANY, INC,

Defendants.

------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 151107/2021 |
| **MOTION DATE** | 01/10/2025 |
| **MOTION SEQ. NO.** | 003 |

**DECISION + ORDER ON MOTION**

L&L HOLDING COMPANY, LLC, 425 PARK OWNER LLC, TISHMAN CONSTRUCTION CORPORATION OF NEW YORK

Plaintiffs,

-against-

PANORMOS LLC, SHACHI CHAUDHARY

Defendants.

------------------------------------------------------------------------X

Third-Party
Index No.  595766/2021

L&L HOLDING COMPANY, LLC, 425 PARK OWNER LLC, TISHMAN CONSTRUCTION CORPORATION OF NEW YORK, 425 PARK AVENUE GROUND LESSEE, L.P., OWEN STEEL COMPANY, INC

Plaintiffs,

-against-

A.J. MCNULTY & COMPANY, INC.

Defendant.

------------------------------------------------------------------------X

Second Third-Party
Index No.  595578/2023

The following e-filed documents, listed by NYSCEF document number (Motion 003) 148, 149, 150, 151, 152, 153, 154, 155, 156, 157, 158, 159, 160, 161, 162, 163, 164, 165, 166, 167, 169, 170, 171, 172, 173, 174, 175, 176, 177, 178, 179, 180, 181, 182, 183

were read on this motion to/for                              EXTEND - TIME                              .

**151107/2021   YOON, SEOG vs. L&L HOLDING COMPANY, LLC**
**Motion No.  003**

**Page 1 of 13**

1 of 13

[* 1]

Plaintiffs' motion to extend the deadline to file the note of issue and to compel discovery is decided as described below.

**Background**

Plaintiffs Seog Yoon and his wife Beth Yoon ("plaintiffs") commenced this case to recover damages for personal injuries and derivative damages sustained while Seog Yoon was working at 425 Park Avenue, New York, New York. Plaintiffs allege that while lawfully upon the premises as an employee of second third-party defendant A.J. McNulty ("McNulty") on October 10, 2020, Seog Yoon sustained serious injuries when he was struck by a vehicle owned and operated by defendants/third-party defendants Panormos LLC, and Shachi Chaudhary ("Panormos and Chaudhary").

On June 25, 2024 the Court ordered three things that are relevant to this motion. McNulty was ordered to respond to plaintiffs' Notice for Discovery and Inspection dated September 27, 2023 by July 25, 2024. Defendants/second third-party plaintiffs were to respond to two discovery demands - plaintiffs' Third Supplemental Notice for Discovery and Inspection dated August 22, 2023 by July 25, 2024 and plaintiffs' good faith letter dated January 31, 2024 within thirty days of the deposition of Tishman Construction Co.'s ("Tishman") safety manager, Luis Rivera (NYSCEF Doc. No. 140). The deposition of Luis Rivera took place on June 7, 2024 (NYSCEF Doc. No. 178), so a response to plaintiffs' good faith letter was due by July 7, 2024. The defendants/ second third-party plaintiffs are comprised of L&L, 425 Park Owner, 425 Park Ave Ground Lessee, Tishman, and Owen Steel, and they are all represented by the same attorney. They will hereinafter be referred to collectively as "Tishman Defendants" except in the few instances when they need to be referred to individually.

**151107/2021   YOON, SEOG vs. L&L HOLDING COMPANY, LLC**
**Motion No.  003**

**Page 2 of 13**

The order at NYSCEF Doc. No. 140 instructed the parties to update the Court on the status of Discovery by October 8, 2024. The parties did not update the Court as to any problems, so the Court assumed discovery had proceeded according to the so ordered stipulation and ordered a note of issue be filed by October 23, 2024 (NYSCEF Doc. No. 143).

Plaintiffs brought the present motion to extend the deadline to file the note of issue and to compel discovery pursuant to CPLR 3124. Plaintiffs originally sought to compel the deposition of McNulty as well as responses to the three above-referenced written discovery demands from McNulty and Tishman Defendants. During the pendency of this motion, the McNulty deposition was completed, and plaintiffs concede that this part of their claim is now moot. Additionally, responses were submitted to the three written discovery demands.

Tishman Defendants and McNulty contend that the Court should not compel them to produce discovery as requested by the plaintiffs, as they submitted responses to the outstanding written discovery requests. Plaintiffs disagree and contend that their responses are insufficient as discussed below.

Third Supplemental Notice for Discovery and Inspection

After plaintiffs brought the instant motion, Tishman Defendants responded to the Third Supplemental Notice for Discovery and Inspection, but plaintiffs allege that there are issues with each of the eighteen responses provided by Tishman Defendants. The notice is at NYSCEF Doc. No. 157, and Tishman's responses are at NYSCEF Doc. No. 173.

Plaintiffs claim the responses to items 1-2 and 6-9 are insufficient where Tishman Defendants claim they are not in possession of the requested discovery evidence related to cameras located around the site of the accident. Plaintiffs say that the responses to items 3-4 are insufficient where Tishman Defendants only state that they are conducting a search for the

**151107/2021   YOON, SEOG vs. L&L HOLDING COMPANY, LLC**
**Motion No.  003**

**Page 3 of 13**

requested materials. Similarly, plaintiffs claim the response to item 5 is insufficient where Tishman Defendants state that on information and belief they did not maintain the camera.

Plaintiffs claim that the response regarding safety meetings at item 10 improperly referred to the affidavit of Ms. Marrero, Tishman's in house claims specialist and litigation paralegal ("Marrero Affidavit"). However, plaintiffs note the Marrero Affidavit did not address this demand.

Items 11 and 12 request job hazard analysis for crane removal and a pre-jump agenda; item 14 refers to the site-specific crane and hoisting equipment safety program. Plaintiffs say that the documents Tishman Defendants provided in response to these items post-date the accident and were not in effect on the date of the accident. Testimony from McNulty's project manager Brian Gross details that a meeting about dismantling the crane was held by Tishman prior to the dismantling (NYSCEF Doc. No. 179).

Plaintiffs also claim that Tishman Defendants' response to item 13 regarding a site-specific safety manual is insufficient as the table of contents denotes that there are four parts, but only three parts were provided. Item 15 refers to photos taken by Noel Agalliu on behalf of Tishman about which Mr. Agalliu testified. Plaintiffs contend that Tishman Defendants' response that they are not in possession of the photos but will provide them if discovered is improper and insufficient.

Items 16 and 17 regard "Take 5s and/or toolbox talks" submitted by McNulty and Owen Steel Company, Inc ("Owen Steel"). Plaintiffs argue that the Tishman Defendants' response, that they are not in possession of same but that if documents from Owen Steel are discovered, they will be provided, is insufficient. Plaintiffs point to the testimony of Brian Gross wherein he

**151107/2021   YOON, SEOG vs. L&L HOLDING COMPANY, LLC**
**Motion No.  003**

**Page 4 of 13**

4 of 13

swore that the meetings were held weekly, and records of the meetings were emailed to Tishman (*id.*).

Lastly, plaintiffs contend that Tishman Defendants' response to item 18, regarding staff meetings and progress meetings, is improper, where Tishman Defendants claim that this was already addressed in the Marrero Affidavit. Tishman's witness, safety manager Luis Rivera, testified that Tishman held a weekly meeting encompassing safety and progress that was attended by the foreman, and minutes were kept. Plaintiffs point out they only knew about these meetings from the deposition Rivera on June 7, 2024 (NYSCEF Doc. No. 178), and the Marrero Affidavit was created almost a year before that, on August 22, 2023 (NYSCEF Doc. No. 180).

Plaintiffs ask the Court to order that the discovery requested be provided by a certain date, or a *Jackson* affidavit be provided regarding items 1-2 and 5-18. Regarding items 3-4, plaintiffs ask the Court to order Tishman Defendants to determine whether the items are in their possession by a certain date or to provide a *Jackson* affidavit to the extent that they are not.

Good Faith Letter

Turning now to Tishman Defendants' response to plaintiffs' good faith letter, reproduced at NYSCEF Doc. No. 160 and Tishman Defendants' response, reproduced at NYSCEF Doc. No. 174. Generally, plaintiffs take issue that the response was done by unverified and unsworn responses from counsel. Plaintiffs further contend that the responses to eleven of the twelve queries are deficient, fail to address testimony produced at depositions, and/or ignore a court order and the letter's request for a supplemental *Jackson* affidavit.

Plaintiffs state that the responses to items 1 and 3-5 regarding the retention and possession of meeting minutes is contradicted by the testimony of Tishman's safety manager

**151107/2021   YOON, SEOG vs. L&L HOLDING COMPANY, LLC**
**Motion No.  003**

Page 5 of 13

5 of 13

Luis Rivera (NYSCEF Doc. No. 178). Plaintiffs note that item 2, regarding excess insurance policies, was completely ignored.

Plaintiffs show the response to item 6, regarding documentation of safety issues on the jobsite, improperly refers to the Marrero Affidavit, as the affidavit lacks specificity of the search and failed to conform with the order of Judge Kraus dated May 17, 2023. Judge Kraus's order required "a proper affidavit indicating why some documents [from McNulty] are in their possession and others are not" (NYSCEF Doc. No. 155).

Plaintiffs state that the response to item 7, regarding statements taken by plaintiff about the accident, improperly refers to the testimony of Luis Rivera, who was not there that day and again improperly relies on the Marrero Affidavit.

Item 8's response allegedly fails, as Tishman Defendants' claims are contradicted by AMS Safety's response to a subpoena regarding whether the site safety manager's log is in Tishman's possession. Item 9's response allegedly fails as Tishman Defendants' claims are contradicted by the testimony of McNulty's project manager Brian Gross with regard to whether Tishman is in possession of A.J. McNulty's daily logs (NYSCEF Doc. No. 179). Item 11 refers to OSHA logs; Tishman Defendants' response that the logs are not in their possession is contradicted by the testimony of Tishman's safety manager Luis Rivera in which Mr. Rivera swore that the OSHA logs were maintained in Tishman's main office (NYSCEF Doc. No. 178).

Lastly, item 12 refers to photos taken by AMS Safety and provided to Tishman; plaintiff points out that this response relies on the Marrero Affidavit, but that this issue is not addressed in the affidavit.

Plaintiffs seek an order compelling discovery by a certain date, or a proper *Jackson* affidavit that conforms to Judge Kraus's order.

**151107/2021   YOON, SEOG vs. L&L HOLDING COMPANY, LLC**
**Motion No.  003**

**Page 6 of 13**

Plaintiffs Contentions Regarding McNulty's Responses

Plaintiffs produce a copy of their Notice for Discovery and Inspection at NYSCEF Doc. No. 159; McNulty's response is reproduced at NYSCEF Doc. No. 170. Plaintiffs provide that McNulty's responses fail to provide discovery items that deposition testimony suggests that they should have, and that a *Jackson* affidavit should be provided for those items that McNulty claims are not in its possession.

Plaintiffs contend that, in response to a request for *toolbox meeting* minutes, McNulty only provided *safety meeting* minutes from October 12, 2020 – which occurred two days after the accident. Furthermore, McNulty's statement that it did not retain copies of the toolbox meeting minutes was contradicted by the testimony of McNulty's property manager Brian Gross (NYSCEF Doc. No. 179).

Plaintiffs further contend that, regarding the questions about safety meeting minutes, McNulty's response again does not correspond to Brian Gross's testimony wherein he stated that the files were collected and sent back to the corporate offices (*id.*). Plaintiff also contends that Brian Gross' testimony contradicts McNulty's responses regarding safety protocols, daily logs, and OSHA logs (*id.*).

Plaintiffs note that McNulty claims it is not in possession of: "toolbox meeting minutes, foreman meetings minutes, safety meeting minutes, progress meeting minutes, owner meeting minutes, corporate health and safety plan, protocols pertaining to crane use and/or dismantling of a crane, daily logs, OSHA logs, videos and/or photographs depicting the accident and/or the accident location, safety meeting minutes for the safety pre-planning meeting regarding tower crane jumping operations, the job hazard analysis for crane removal and critical picks, the pre-

**151107/2021   YOON, SEOG vs. L&L HOLDING COMPANY, LLC**
**Motion No.  003**

**Page 7 of 13**

7 of 13

jump agenda, the site-specific crane and hoisting equipment safety program, and the full name and last known address of the truck driver working at the site at the time of accident."

Plaintiffs seek a *Jackson* affidavit for the items that McNulty claims are not in its possession.

McNulty and Tishman Defendants' Contentions about Outstanding Discovery

In its Affirmation in Partial Opposition, McNulty supports the part of plaintiffs' motion seeking to compel discovery from Tishman Defendants and detailed that Tishman Defendants had not responded to McNulty's Combined Demands and Demand for a Third-Party Bill of Particulars dated September 26, 2023 nor provided McNulty with redacted insurance policies in effect on the date of plaintiff's accident as so ordered in the June 25, 2024 order from this Court at NYSCEF Doc. No. 140. McNulty did not attach the Combined Demands or the Bill of Particulars as part of this motion, but they appear to be at NYSCEF Doc. Nos. 131 and 129, respectively. After McNulty served its affirmation, Tishman Defendants submitted responses to the Combined Demands (NYSCEF Doc. No. 175). Tishman Defendants did not allege or otherwise demonstrate that they responded to McNulty's Bill of Particulars demand or that they provided McNulty with the redacted insurance policies.

Tishman Defendants claim that Panormos and Chaudhary have failed to provide the reports from IMEs that Panormos and Chaudhary independently conducted, and Tishman Defendants are therefore unable to determine if IMEs remain to be completed and designate doctors to conduct the IMEs if so.

Lastly, with regard to outstanding discovery, it must be noted that a subpoena has recently been served for the deposition of a third-party witness (NYSCEF Doc. No. 184).

**151107/2021   YOON, SEOG vs. L&L HOLDING COMPANY, LLC**
**Motion No.  003**

**Page 8 of 13**

8 of 13

## Discussion

Note of Issue

It is within the Court's discretion to extend the date to file a note of issue pursuant to CPLR 2004 upon good cause shown (*Oliver v Town of Hempstead*, 68 AD3d 1079 [2d Dept 2009]). The Court finds that the parties have shown good cause to extend the note of issue filing deadline.

Plaintiffs detail outstanding written discovery from Tishman Defendants and McNulty and have recently served a subpoena on a non-party witness. McNulty detailed ongoing discovery sought from Tishman Defendants. And although Tishman Defendants did serve responses to McNulty during the pendency of this motion, Tishman Defendants did not show that they responded to McNulty's bill of particulars or that they provided McNulty with the relevant insurance policies, as so ordered by this Court. Tishman Defendants also allege outstanding discovery – the IME reports from Panormos and Chaudhary.

Indeed, all parties who submitted papers for this motion agree that there is outstanding discovery and that the deadline to file the note of issue should be extended.[1] The Court will vacate its order for the parties to file a note of issue.

Compel Discovery

"Where a notice for discovery has not been complied with, a party may proceed under CPLR 3124 to obtain an order to compel disclosure" (*Greuling v Breakey*, 56 AD2d 540, 541 [1st Dept 1977]). Plaintiffs seek further written discovery from Tishman Defendants and McNulty. Only after plaintiffs filed the instant motion did the Tishman Defendants and McNulty respond to plaintiffs' outstanding written discovery demands (NYSCEF Doc. Nos. 170, 173,

---

[1] Only Panormos and Chaudhary did not submit papers under the present motion sequence.

**151107/2021   YOON, SEOG vs. L&L HOLDING COMPANY, LLC**                    **Page 9 of 13**
**Motion No.  003**

9 of 13

[* 9]

174). Plaintiffs contend the responses were insufficient and wish to compel further responses to the above-mentioned notices of discovery and inspection as well as the good faith letter and request the Court order *Jackson* affidavits for those items that the parties claim are not in their possession.

Plaintiffs detailed at length that many of the responses of both Tishman Defendants and McNulty contradict deposition testimony. Plaintiffs further point out that some of Tishman Defendants' responses alleged that they had been addressed in the Marrero Affidavit, when the Marrero Affidavit either did not address the issue or could not address the issue as the issue came to light after the Marrero Affidavit was created. Plaintiffs also point out that the Marrero Affidavit does not reflect an affidavit on behalf of defendant Owen Steel. The Court finds that plaintiffs' reply convincingly details that some of the responses are deficient and/or contradict sworn testimony.

The Court therefore grants the part of plaintiffs' motion seeking to compel discovery from Tishman Defendants and McNulty. At this time, the Court cannot determine whether their failure to properly respond is caused by sloppiness and inattention or some tactic, but it is time for the Tishman Defendants and McNulty to pay close attention to this case and for the attorneys to honor their obligations as officers of the Court. Therefore, before imposing proper penalties, this Court will give the Tishman Defendants and McNulty another chance to respond to the notices for discovery and inspection as well as the good faith letter. For any items that Tishman Defendants or McNulty claim are not in their possession, they shall submit a *Jackson* affidavit. In the case of Tishman Defendants, the affidavit must comply with Judge Kraus's order and detail why some of the documents from McNulty are in their possession while others are not.

**151107/2021   YOON, SEOG vs. L&L HOLDING COMPANY, LLC**
**Motion No.  003**

**Page 10 of 13**

10 of 13

[* 10]

McNulty seemingly asks the Court to compel discovery from Tishman Defendants on McNulty's behalf, but as McNulty has not cross-moved for this relief, the Court denies that request as improper. However, now that Tishman Defendants know what is requested, the Court expects them to respond fully and properly and not require everyone, including this Court, to spend time on another motion. There is no reason to bill a client for a motion when you can avoid it by complying with known discovery obligations.

To be fair, this entire motion may not have been necessary had any party's attorney simply followed the Court's order to submit an update on the status of discovery; all of these issues could have been addressed at a conference.

**Summary**

The Court grants the branch of plaintiffs' motion seeking to extend the deadline to file the note of issue, as there is clearly outstanding discovery. The Court also grants the branch of plaintiffs' motion seeking to compel discovery from Tishman Defendants - L&L, Park Owner, 425 Ground Lessee, Owen Steel, and Tishman and from Second Third-Party Defendants A.J. McNulty. Given the multiple inconsistencies and potential omissions that plaintiffs have pointed out regarding the discrepancy between the parties' responses and information sworn to at depositions, Tishman Defendants and McNulty will have another chance to respond to plaintiffs' demands. For any items that Tishman Defendants or McNulty claim are not in their possession, the parties shall provide a *Jackson* affidavit or *Jackson* affidavits on or before February 28, 2025. A *Jackson* affidavit shall be submitted that covers every relevant defendant, as plaintiffs noted that the previous Marrero Affidavit was not made on behalf of defendant Owen Steel.

Accordingly, it is hereby

ORDERED that the Court's order to file a note of issue is vacated; and it is further

**151107/2021   YOON, SEOG vs. L&L HOLDING COMPANY, LLC**
**Motion No.  003**

**Page 11 of 13**

11 of 13

ORDERED that on or before February 28, 2025, Tishman Defendants shall provide updated responses, including concrete responses to which items are in their possession, to plaintiffs' Third Supplemental Notice for Discovery and Inspection dated August 22, 2023; and it is further

ORDERED that on or before February 28, 2025, Tishman Defendants shall provide updated responses, if any, to the demands in plaintiffs' Good Faith Letter dated January 31, 2024; and it is further

ORDERED that on or before February 28, 2025, Tishman Defendants shall provide an updated *Jackson* affidavit or updated *Jackson* affidavits, which include explanations of why some items from McNulty are in their possession while others are not, in relation to plaintiffs' demands in both the Supplemental Notice for Discovery and Inspection as well as the Good Faith Letter; such affidavit or affidavits shall encompass each individual defendant which is a part of the Tishman Defendants; and it is further

ORDERED that on or before February 28, 2025, McNulty shall provide updated responses, if any, to the demands in plaintiffs' Notice for Discovery and Inspection dated September 27, 2023; and it is further

ORDERED that on or before February 28, 2025, McNulty shall provide a *Jackson* affidavit covering each item sought in plaintiffs' Notice for Discovery and Inspection dated September 27, 2023 that McNulty claims is not in its possession.

A compliance conference shall be held in person on March 11, 2025 at 10 a.m. On or before March 4, 2025 the parties shall update the Court on the status of discovery, including deadlines to complete any outstanding discovery tasks. Based on the update the Court receives, the Court may hold the conference to work out issues, may adjourn the conference, (meaning no

**151107/2021   YOON, SEOG vs. L&L HOLDING COMPANY, LLC**
**Motion No.  003**

**Page 12 of 13**

12 of 13

appearance will be necessary on March 11), or may order a note of issue be filed if there are no issues or outstanding discovery tasks brought to the Court's attention.

| __2/5/2025__ | | | | |
|---|---|---|---|---|
| **DATE** | | | **ARLENE P. BLUTH, J.S.C.** | |

| **CHECK ONE:** | | CASE DISPOSED | **X** | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | **X** | GRANTED | | DENIED | GRANTED IN PART | OTHER |
| **APPLICATION:** | | SETTLE ORDER | | SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**151107/2021   YOON, SEOG vs. L&L HOLDING COMPANY, LLC**
**Motion No.  003**

**Page 13 of 13**

13 of 13